# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE TRUJILLO,<br><br>         Plaintiff,<br><br>   v.<br><br>ETHAN CONRAD, et al.,<br><br>         Defendants. | Case No.  1:19-cv-01627-AWI-SAB<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE AND DIRECTING CLERK OF THE COURT TO TERMINATE ITALIAN CAFÉ GOURMET FOOD SERVICE, INC. AS DEFENDANT IN THIS MATTER<br><br>(ECF Nos. 61, 62, 63, 64) |
| ITALIAN CAFE GOURMET FOOD SERVICE INC.,<br><br>         Cross Claimant<br><br>   v.<br><br>ETHAN CONRAD,<br><br>         Cross Defendant. | |

On March 9, 2021, a stipulation was filed to dismiss Defendant Italian Café Gourmet Food Service, Inc. as a defendant in this matter.  (ECF No. 61.)  However, the stipulation did not address the crossclaim filed by Italian Café Gourmet Food Service, Inc. against Ethan Conrad. So on this same date, an order issued requiring the parties to address the status of the crossclaim within three days.  (ECF No. 62.)  The deadline to address the crossclaim passed without a response being filed. On March 16, 2021, an order issued requiring the parties to show cause

1  why sanctions should not issue for the failure to comply with the March 16, 2021 order.  (ECF
2  No. 63.)  On this same date, a stipulation to dismiss the crossclaim against Ethan Conrad was
3  filed.  (ECF No. 64.)

4        While the stipulation to dismiss the crossclaim has now been filed, the parties did not file
5  a response addressing the order to show cause.  <u>Counsel is advised that complying with the
6  original order does not address the failure to comply and a separate response to the order to show
7  cause is required.</u>  In this instance, the Court will discharge the order to show cause, but in the
8  future counsel will be required to separately address any order to show cause that is filed.

9        Federal Rule of Civil Procedure 41(a) provides that a "plaintiff may dismiss an action
10  without a court order by filing a stipulation of dismissal signed by all parties who have appeared."
11  Fed. R. Civ. P. 41(a)(1)(A)(ii).  Rule 41(a) also allows a party to dismiss some or all of the
12  defendants in an action through a Rule 41(a) notice.  <u>Wilson v. City of San Jose</u>, 111 F.3d 688,
13  692 (9th Cir. 1997); <u>see also</u> <u>Concha v. London</u>, 62 F.3d 1493, 1506 (9th Cir. 1995) ("The
14  plaintiff may dismiss either some or all of the defendants—or some or all of his claims—through
15  a Rule 41(a)(1) notice.")); <u>but see</u> <u>Hells Canyon Pres. Council v. U.S. Forest Serv.</u>, 403 F.3d
16  683, 687 (9th Cir. 2005) (The Ninth Circuit has "only extended the rule to allow the dismissal
17  of all claims against one defendant, so that a defendant may be dismissed from the entire
18  action.").  "Filing a notice of voluntary dismissal with the court automatically terminates the
19  action as to the defendants who are the subjects of the notice."  <u>Concha</u>, 62 F.3d at 1506.

20        Accordingly, pursuant to the stipulation of the parties, this action has been terminated
21  against Defendant Italian Café Gourmet Food Service, Inc. with prejudice and without an award
22  of costs and fees and Italian Café Gourmet Food Service, Inc.'s cross claim against Ethan Conrad
23  has been terminated with prejudice and without an award of costs and fees.

24  / / /
25  / / /
26  / / /
27  / / /
28  / / /

2

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The March 9, 2021 order to show cause is DISCHARGED; and
2. The Clerk of the Court is DIRECTED to terminate Italian Café Gourmet Food Service, Inc. as a defendant in this matter.

IT IS SO ORDERED.

Dated:   **March 23, 2021**

UNITED STATES MAGISTRATE JUDGE